```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X
JOSE MULERO,                   :
                               :
     Petitioner,               :
                               :        02 Civ. 6777 (JFK)
          -against-            :        99 Cr. 1111 (JFK)
                               :        OPINION and ORDER
UNITED STATES OF AMERICA,      :
                               :
     Respondent.               :
- - - - - - - - - - - - - - - X
```

APPEARANCES:

    Petitioner

        JOSE MULERO
        Reg. # 48202054
        Federal Correctional Institute McKean
        PO Box 8000
        Bradford, PA 16701

    For the Respondent,

        DAVID N. KELLEY
        United States Attorney
        Southern District of New York
        One Saint Andrew's Plaza
        New York, New York 10007
        Of Counsel:  AUSA Tanya F. Miller

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN, United States District Judge:**

Preliminary Statement

Before this Court are pro se motions of Petitioner Jose Mulero ("Mulero" or "Petitioner") to vacate, set aside, or correct his sentence pursuant to 18 U.S.C. § 2255 ("§ 2255"), and for leave to amend his petition. For the reasons discussed below, both motions are denied.

Background

On April 3, 2000, through his attorney, John Jacobs[1] ("Jacobs"), Mulero pled guilty, without a plea agreement, to Count One of Indictment No. 99 Cr. 1111 (JFK), which charged Mulero with being a felon in possession of a firearm that had previously been shipped and transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(1). On July 30, 2001, following extensive argument from both parties and review of the Probation Department's revised Pre-Sentence Investigation Report dated July 21, 2000("PSR"), the Court sentenced Mulero at the bottom of the Sentencing Guidelines range, to ninety-two months of imprisonment, to be followed by three years of supervised release.

The Court determined that Mulero's base offense level was twenty-four. The Court added two points to Mulero's sentence

---

[1] John Jacobs passed away within the last three weeks.

because the firearm that Mulero possessed had a defaced serial number pursuant to U.S.S.G. 2K2.1(b)(4). (Sent. Tr. 3, 21.) The Court declined to enhance Mulero's sentence for obstruction of justice. In fact, the Court awarded Mulero two points for accepting responsibility through a guilty plea, on the eve of his scheduled trial. (Sent. Tr. 21.) The Court applied the "rule of 'lenity'" to subtract three criminal history points from the PSR's calculation because it was unclear whether Mulero had been treated as a youthful offender in connection with his 1984 attempted robbery conviction. Consequently, the Court concluded that Mulero fell into Criminal History Category V and not Category VI, as determined in the PSR. (Sent. Tr. 11-12, 21.) The Court noted that its decision to subtract points was due, in part, to Jacobs' lawyering:

> THE COURT: You won the point, Mr. Jacobs. You've got a very good lawyer there, Mr. Mulero, because . . . I had a lot written down here which is being changed as we're going along. . . . You're doing a lot better than you were when I took the bench.

(Sent. Tr. 12.)

On August 26, 2002, Mulero filed the instant petition pursuant to 28 U.S.C. § 2255, challenging his sentence based on claims of ineffective assistance of counsel. On February 5, 2003, Mulero filed a Motion to Amend his § 2255 motion, claiming the Supreme Court's decision in Ring v. Arizona, 536 U.S. 584 (2002)

3

created a newly recognized right that should be considered in Mulero's Petition.

Mulero has also filed a notice of appeal to the Second Circuit, which has been held in abeyance pending this Court's resolution of his § 2255 petition.

## Discussion

I.  Motion to Amend Habeas Petition Denied

Petitioner seeks to amend his § 2255 motion to allege that his constitutional rights were violated based on the Supreme Court's decision in Ring, 536 U.S. 584.  According to Mulero, Ring recognized a new "statutory right" under which he is entitled relief.  Mulero alleges that both Ring and Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), indicate that his two-level sentencing enhancement for the altered and obliterated firearm serial number should have been presented and decided by a jury and not the Court. (Motion to Amend at 2.)  This claim is without merit however, as it misapplies the holdings and applicability of both Ring and Apprendi.

The Supreme Court in Ring extended the Apprendi rule to apply to death penalty cases for facts that serve as aggravating factors used to enhance a sentence from life imprisonment to death. Mulero was not charged with a death eligible offense.  Thus, Ring is inapplicable in this case.

4

In Apprendi, 530 U.S. at 490, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." According to the Second Circuit, Apprendi is inapplicable to Guidelines calculations that are lower than the applicable statutory maximum. United States v. Norris, 281 F.3d 357, 359 (2d Cir. 2002); United States v. McLeod, 251 F.3d 78, 82 (2d Cir. 2001; United States v. White, 240 F.3d 127, 136 (2d Cir. 2001). Mulero's sentence of ninety-two months fell well below the ten year statutory maximum authorized by 18 U.S.C. 924(a)(2). Apprendi, therefore, does not apply to Mulero's case.

Even if Mulero's Apprendi claim were to prevail on the statutory requirements, it fails nonetheless because "Apprendi is a new rule that does not apply retroactively to initial section 2255 motions for habeas relief." Coleman v. United States, 329 F.3d 77, 82, 90 (2d cir. 2003).

The Court denies Mulero's motion to amend his habeas petition to include Ring and Apprendi claims because such claims are meritless. Allowing Petitioner to amend would be futile.

II. Habeas Petition is Denied

In his § 2255 petition, Mulero argues that his sentence should be vacated because he was deprived of his constitutional

5

right to effective assistance of counsel.  Mulero claims that his sentencing counsel was ineffective for the following reasons: (1) for failing to object to the base offense level computation that applied to Mulero, pursuant to U.S.S.G. § 2K2.1(a)(2), based on his two prior felony drug convictions; (2) for failing to object to the two-level enhancement that the Court applied, pursuant to U.S.S.G. § 2K2.1(b)(4), because the firearm that Mulero possessed had an altered or obliterated serial number; and (3) for failing to file a timely notice of appeal on Mulero's behalf.

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court adopted a strong presumption that defense counsel provides effective assistance.  To prevail on a claim of ineffective assistance of counsel, Mulero must demonstrate: (1) "that counsel's performance fell below an objective standard of reasonableness," and (2) that counsel's deficiencies were "prejudicial to the defense." <u>Strickland</u>, 466 U.S. at 688, 691-92; <u>United States v. Gordon</u>, 156 F.3d 376, 379 (2d cir. 1998).  Only if both of these elements are satisfied can Mulero demonstrate that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687.

In applying the <u>Strickland</u> test, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, 'bearing in

6

mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990)(quoting Strickland, 466 U.S. at 689). Mulero must also affirmatively demonstrate prejudice: that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694. Mulero fails to establish that Jacobs's conduct fell below an objective standard of reasonableness and that it was prejudicial.

Base Offense Level Claim

At sentencing, the Court found, in accordance with the PSR, that Mulero's base offense level was twenty-four, pursuant to U.S.S.G. § 2K2.1(a)(2) ("§ 2K2.1(a)(2)"). As the PSR indicates, Mulero had previously been convicted of two felony drug convictions, consisting of: (1) a 1991 conviction in Pennsylvania for Possession of a Controlled Substance, and (2) a 1994 conviction in New York for Criminal Possession of a Controlled Substance in the Fifth Degree. (PSR ¶¶ 32, 39.)

Mulero does not dispute that he was convicted of two prior felony drug offenses. He claims that his attorney was ineffective for failing to challenge the PSR's base offense level computation,

pursuant to U.S.S.G. § 2K2.1(a)(2).  Specifically, Mulero claims ineffectiveness because his prior convictions "did not play a part in the actual offense charged" in this case, and because the prior convictions "were not base felony offenses," and were based on "minor drug offenses, rather than major drug offenses." (Def. Mem. at 5-6.)  Mulero is mistaken, however, as his characterizations are in fact inconsequential to the calculation of his base offense level under the Federal Sentencing Guidelines.

According to § 2K2.1 of the Sentencing Guidelines, the Court should apply the greatest base offense level possible.  Under § 2K2.1(a)(2), a base offense level of twenty-four should be applied "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."  Under § 4B1.2 of the Sentencing Guidelines, a "controlled substance offense" is defined as:

> an offense under federal or state law, punishable by a term of imprisonment of more than one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).  Mulero's two prior drug convictions are within this definition.  Given that the instant offense was in fact committed subsequent to sustaining two felony convictions of

a controlled substance offense, the Court properly applied a base offense level of twenty-four.

Mulero also claims that Jacobs should have objected to the government's failure to file an information stating his previous convictions. By failing to file an information, the Government, he claims, prevented the Court from properly enhancing his sentence. This claim inappropriately relies on United States v. Levay, 76 F.3d 671, 674 (5th Cir. 1996). Levay concerned a statutorily imposed minimum sentence, whereas the present case involves enhancement under the Sentencing Guidelines.

In Levay, 76 F.3d at 672, defendant was sentenced under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 for manufacturing in excess of 1000 grams of a mixture containing a detectible amount of methamphetamine. The circuit court held that the district court had improperly enhanced defendant's sentence pursuant to 21 U.S.C. § 851 because the government did not file a prior felony information. 76 F.3d at 674. Under Section 841(b)(1)(A), any person convicted of a prior drug offense must serve a minimum of 20 years, and the statute establishes a mandatory procedure for proving prior convictions. Failure on the part of the government to file an information stating the previous convictions, prevents a court "from enhancing a sentencing under the statute." Id. (emphasis added).

In the present case, Mulero was not convicted for a narcotics felony under "the statute." Mulero was prosecuted under Title 18 for a gun possession felony. The government never sought to enhance Mulero's statutory sentence based upon the filing of a prior felony information under Title 21. Mulero's sentence was enhanced under the Sentencing Guidelines. The statutory procedures governing prior felony informations in narcotics cases are unrelated to the computation of a defendant's base offense level (and criminal history category) under the Guidelines. Because Mulero was previously convicted of two controlled substance felonies, his two prior felonies were appropriately applied to the computation of his base offense level under the Sentencing Guidelines.

Finally, Mulero claims Jacobs should have objected to the Court's failure to downwardly depart from the sentencing range because the Sentencing Guidelines range overstated the seriousness of his criminal history. It is well established, however, that a court maintains discretion during sentencing. See United States v. Ibanez, 924 F.2d 427, 430 (2d Cir. 1991); United States v. Olvera, 954 F.2d 788, 792 (2d Cir. 1992) (stating that the district court was "not required under the due process clause or the Guidelines to hold a full-blown evidentiary hearing"); United States v. Shonubi, 998 F.2d 84, 89 (2d Cir. 1993) (noting that the sentencing court "is not bound by jury findings or evidence

presented at trial, but may consider any reliable proof"). Nonetheless, the record reflects that the Court relied on ample evidence in making its sentencing determination. The Court directed the preparation of a PSR, permitted Mulero to file objections to that PSR in advance of sentencing, and heard Mulero's oral argument before imposing sentence. Furthermore, Jacobs argued before sentencing that the Court should subtract points from Mulero's criminal history because Mulero had been treated as a youthful offender in connection with a 1984 attempted robbery conviction for which he was sentenced to sixteen months to four years of imprisonment. (Sent. Tr. 9-11.) Accepting Jacob's argument, the Court applied the "rule of 'lenity'" by subtracting this three-point conviction from Mulero's criminal history. (Sent. Tr. 11-12.) In so doing, the Court effectively lowered Mulero's Criminal History Category from VI to V.

Given the legal standards governing this claim and the facts of this case, Petitioner's counsel was not unreasonable for failing to challenge the base offense level calculation, nor can Mulero demonstrate prejudice.

Firearm Enhancement Claim

Mulero erroneously challenges his lawyer's failure to object to the imposition of the two-level enhancement prescribed by U.S.S.G. § 2K2.1. His lawyer should have objected, Mulero

asserts, because Mulero claims he was unaware of the altered and obliterated serial number and because the Court, Mulero claims, lacked jurisdiction. Mulero's challenge is erroneous and contrary to the record.

Mulero's lawyer did object to this enhancement. In a letter filed with the Court before sentencing on February 6, 2001, as well as at Mulero's sentencing hearing, Jacobs objected to and argued extensively against this two-level enhancement. (Sent. Tr. at 5.)

Even if Jacobs had not objected, there would be no prejudice to Mulero because the Court's sentence was appropriate and jurisdictionally sound. The Court applied the two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4) because the firearm that Mulero possessed did in fact have an altered and obliterated serial number. (PSR ¶¶ 10, 17.) This two-level enhancement applies whether or not Mulero knew that the gun's serial number had been altered or obliterated. United States v. Williams, 49 F.3d 92, 93 (2d Cir. 1995) (directing that enhancement be applied "whether or not the defendant knew or had reason to believe that the firearm was stolen or had an altered or obliterated serial number") (quoting U.S.S.G. § 2K2.1, comment (n.19). Therefore, although Mulero did not plead guilty to the count regarding the altered and obliterated serial number, the Sentencing Guidelines

and the Second Circuit instruct that it is appropriate and necessary to apply the two-level enhancement.

Mulero argues that the Court lacked jurisdiction over his case because "no prohibitive acts or conduct of the defendant moved beyond the borders of the sovereign state, nor was the defendant indicted via the government's charging instrument, for an alleged violation of the Federal Interstate Commerce Statute." (Mem. at 12.) Count One of the Indictment, however, charged Mulero with violating 18 U.S.C. § 922(g) by possessing a "Norinco nine millimeter semi-automatic handgun, which had been previously shipped and transported in interstate commerce." Mulero pleaded guilty to this Count of the Indictment. Norinco firearms are not manufactured in the State of New York. (PSR ¶ 10.) Therefore, the Norinco firearm that Mulero possessed at the time of his arrest in the Bronx, New York, must have previously traveled in interstate commerce. The Second Circuit has rejected similar jurisdictional challenges to § 922(g). See United States v. Santiago, 238 F.3d 213, 215-217 (2d Cir. 2001).

Mulero fails to establish that Jacobs's conduct with regard to the firearms enhancement was unreasonable or prejudicial to Mulero's defense.

Appeal Claim

Mulero's final claim of ineffective assistance counsel is predicated on his belief that Jacobs failed to file a timely notice of appeal on his behalf. The record reflects that Mulero was advised of his right to appeal by the Court at his sentencing (Sent. Tr. 22). In a letter from Jacobs to the Court dated February 26, 2002, Jacobs maintains that at the time of Mulero's sentence on July 30, 2001, Mulero himself instructed Jacobs not to file a Notice of Appeal on Mulero's behalf. Jacobs's letter states that Mulero "directed me [Jacobs] to turn over his files and to do no further work on his behalf" and that Mulero "specifically directed me not to file a Notice of Appeal on his behalf, that he would handle all legal matters in the future and that he intended to fire me."

Similarly, in a letter from Mulero to Jacobs, dated August 2, 2001, Mulero requested all of his court transcripts and legal materials. In this same letter, Mulero informed Jacobs that "I [Mulero] have taken the liberty to submitt a notice of my intent to appeal." Indeed, on August 6, 2001, Mulero filed, pro se, a timely notice of appeal. See Fed.R.App.Proc. 4(b)(1)(A)(i).

Mulero fails to establish that Jacobs's conduct was unreasonable or prejudicial because Jacobs was acting as Mulero instructed him to in not filing a notice of appeal, and Mulero was not prejudiced because timely notice of appeal was filed.

14

Conclusion

For the foregoing reasons, Mulero's request to amend his habeas petition is denied, and Mulero's petition to vacate his judgment of conviction is denied. Because the Petitioner has not made a substantial showing of denial of a constitutional right, a certificate of appealability will not issue. United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). This case is closed, and the Court directs the Clerk of the Court to remove this case from the Court's active docket.

**SO ORDERED.**

**Dated: New York, New York
November 21, 2005**

*[signature: John F. Keenan]*

**John F. Keenan
United States District Judge**